UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
MARLON D. SPAULDING,

        Plaintiff,

-against-

DONALD W. NEUFELD, Director, U.S.
Citizenship and Immigration Services;
Figeroux and Associates, Attorney-at-Law
BRIAN FIGEROUX,

        Defendants.
-------------------------------------------------------X

NOT FOR PUBLICATION

MEMORANDUM
AND ORDER
12 CV 933 (WFK)

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ MAR 16 2012 ★
BROOKLYN OFFICE

**KUNTZ, United States District Judge:**

On February 21, 2012, *pro se* plaintiff Marlon D. Spaulding, currently incarcerated at the Federal Correctional Institution in Otisville, New York, filed this action invoking the Court's diversity and federal question jurisdiction. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. The complaint is dismissed as set forth below.

Background

Plaintiff alleges that at age 17, he obtained derivative citizenship when his mother was naturalized and that his "mother hired Attorney, Brian Figeroux, Esq from Figeroux and Associates to file 2 form N-600 [certificate of citizenship] for my brother and I. But only my brother was approved on Dec 15 2005 and I was denied July 16, 2006." Compl. at 2. Plaintiff then alleges that "Jennifer Spaulding hired and paid Brian Figeroux the attorney to file her son Administrative Appeal. The attorney failed in his duties of (Appellant)." Id. Plaintiff asks the Court to "grant me a certificate of citizenship." Id. at 3.



The Court takes judicial notice that this is not the first time plaintiff has sought federal judicial review of this matter. In October 2009, plaintiff filed a complaint against the same defendants in the United States District Court for the Southern District of New York. Spaulding v. Neufeld, No. 09 Civ. 5694 (S.D.N.Y.). That case was transferred to the United States District Court for the District of Connecticut. Spaulding v. Neufeld, No. 3:09 CV 1624 (MRK) (D. Conn.). By Ruling and Order dated May 18, 2010, the Honorable Mark R. Kravitz granted the Government's motion to dismiss the complaint for lack of subject matter jurisdiction as plaintiff failed to exhaust his administrative remedies. Judge Kravitz noted:

> There are only two ways that an individual, such as Mr. Spaulding, can seek judicial review of a derivative citizenship claim. First, under 8 U.S.C. § 1252(b)(5), if the individual is in removal (formally known as "deportation") proceedings or is subject to a final order of removal, he may petition the appropriate federal court of appeals for adjudication of his claim to U.S. nationality. Administrative exhaustion is not required to seek judicial review via this path. If the court of appeals determines there are no disputed issues of material fact, it decides the nationality claim. See 8 U.S.C. § 1252(b)(5)(A).
>
> The second way an individual can seek judicial review of a claim to U.S. citizenship is through 8 U.S.C. §1503(a), which applies only if the claim did not 'arise by reason of, or in connection with any removal proceeding' and is not 'in issue in any such removal proceeding." 8 U.S.C. §1503(a). This avenue of judicial review is only available if the individual already applied to CIS for a Certificate of Citizenship and had that claim denied both in the first instance and on appeal to the Administrative Appeals Office. See 8 U.S.C. §1503(a) ("An action under this subsection may be instituted only within five years after the final administrative denial of the [the application]...."); see also 8 C.F.R. § 322.5(b) (explaining appeal procedures).

Spaulding v. Mayorkas, 725 F.Supp.2d 303, 307-308 (D. Conn. 2010) (internal citations omitted) (the caption was changed to reflect the current Director of the Citizenship and Immigration Services).

2

Judge Kravitz found that plaintiff was not then subject to removal proceedings so as to avail himself of the first procedure under 8 U.S.C. § 1252(b)(5) and that he could not avail himself of the second procedure under 8 U.S.C. §1503(a) since plaintiff failed to exhaust his administrative remedies. Id. at 308-09. Judge Kravitz also set out the procedure on how to appeal and directed plaintiff to file a new action in the District of Connecticut should the Citizenship and Immigration Services ("CIS") deny plaintiff's motion to reopen or grant the motion to reopen but deny his appeal on the merits. Id. at 311. In a separate Ruling and Order, Judge Kravitz dismissed the complaint against Brian Figeroux without prejudice to filing a claim in state court. Spaulding v. Figeroux, No. 3:09 CV 1624 (MRK), slip op. (D. Conn. July 26, 2010).

## Standard of Review

In reviewing the complaint, the Court is aware that plaintiff is proceeding *pro se* and that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). The Court is obliged to construe plaintiff's pleadings liberally and interpret them as raising the strongest arguments they suggest. Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). Nevertheless, 28 U.S.C. § 1915A requires this Court to screen a civil complaint "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and thereafter "dismiss the complaint, or any portion of the complaint," if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a) & (b)(1). See Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007) (discussing *sua sponte* standard pursuant to § 1915A). See also 28 U.S.C. § 1915(e)(2)(B).

3

## Discussion

Plaintiff's instant complaint does not differ from the complaint in any significant manner from the one Judge Kravitz reviewed in the District of Connecticut. Similarly, in this complaint, plaintiff does not allege that he is in removal proceedings so as to invoke § 1252(b)(5) nor does he allege that he followed the steps outlined by Judge Kravitz in order to exhaust his administrative remedies so as to obtain proper review in the district court pursuant to § 1503(a). Plaintiff fails to state what steps, if any, he has taken since July 19, 2006 or from receipt of Judge Kravitz's decision. Indeed, there is no mention that plaintiff previously presented these same allegations to another federal court.

As such, the Court does not find any basis to deviate from Judge Kravitz's thorough ruling. Spaulding v. Mayorkas, 725 F.Supp.2d 303 (D. Conn. 2010). As in the prior complaint, the Court lacks jurisdiction to review the denial of plaintiff's certificate of citizenship as he has failed to demonstrate that he has exhausted his administrative remedies as required pursuant to 8 U.S.C. § 1503(a). The Court further lacks subject matter jurisdiction to review any claims against defendant Figeroux as he was privately-retained by plaintiff's mother. Any claim against defendant Figeroux belongs in state court.

To the extent plaintiff seeks to bring these claims under a different legal theory not presented in the District of Connecticut, such as invoking diversity jurisdiction against defendant Figeroux, 28 U.S.C. § 1332, and the deprivation of his Fifth Amendment right to due process against defendant Neufeld of the CIS, 28 U.S.C. § 1331, the complaint fails.

4

Plaintiff cannot invoke diversity jurisdiction because he alleges that both he and defendant Figeroux are citizens of New York. Compl. at 2. Therefore, the parties lack the complete diversity required for jurisdiction pursuant to 28 U.S.C. § 1332. Cushing v. Moore, 970 F.2d 1103, 1106 (2d Cir. 1992) ("complete diversity [required] between all plaintiffs and all defendants"). Even if the parties were diverse,[1] plaintiff has failed to allege a good faith basis for damages in excess of $75,000 and, in fact, plaintiff does not seek damages. See Compl. at 3 ("I want this Honorable court to adjudi[c]ate over this matter and grant me certificate of citizenship .... My compensation is not monetary.").

Plaintiff's claim against defendant Neufeld and/or the CIS that he was deprived of due process is not supported by the allegations set forth in the complaint. Plaintiff alleges that his application for a certificate of citizenship was filed, reviewed and denied; he has not shown that he was denied the process he was due. A complaint must contain sufficient factual content to allow the district court "to draw the reasonable inference that the defendant[s] [were] liable for the misconduct alleged." Ashcroft v. Iqbal, 550 U.S. 544, ___, 129 S.Ct. 1937, 1949 (2009); see also Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (a complaint must plead "enough facts to state a claim to relief that is plausible on its face"). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." Ashcroft, 129 S.Ct. at 1949. Disagreement with the defendant's decision is not equivalent to the denial of due process.

---

[1] In the prior complaint, plaintiff identified his pre-incarceration domicile as Danbury, Connecticut. Spaulding, 725 F.Supp.2d at 306. However, in this complaint plaintiff does not state that he is a citizen of Connecticut.

5

Rather, plaintiff must pursue the remedies outlined by Judge Kravitz in order to seek further review, assuming such review is still available to him. See Henry v. Quarantillo, 684 F.Supp.2d 298, 305-06 (E.D.N.Y. 2010) ("Subsection 1503(a) requires an 'action [for a declaration of citizenship] ... to be instituted only within five years after the final administrative denial of a [a right or privilege claimed as a national of the United States] ...."), aff'd, 414 F.App'x 363 (2d Cir. 2011).

## Conclusion

Accordingly, the complaint, filed *in forma pauperis*, is dismissed as set forth above. Plaintiff has failed to allege that he has exhausted his administrative remedies before the CIS and therefore the Court lacks subject matter jurisdiction to review the denial of the certificate of citizenship pursuant to 8 U.S.C. § 1503(a). See Spaulding v. Mayorkas, 725 F.Supp.2d 303 (D. Conn. 2010). Plaintiff has also failed to state a claim against defendant Neufeld and/or the CIS for the alleged denial of due process. 28 U.S.C. § 1915A(b). Plaintiff's complaint against Brian Figeroux of Figeroux and Associates is dismissed without prejudice to filing in state court. 28 U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

William F. Kuntz, II
United States District Judge

Dated: Brooklyn, New York
March /4, 2012